IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:12-CV-22693-MARTINEZ

REGIS PAILLARDON,

                Petitioner,

v.

ARCHER-DANIELS-MIDLAND
COMPANY AND ADM LATIN
AMERICA, INC.,

                Respondents.
_____/

**PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF HIS
MOTION TO REOPEN THIS ACTION AFTER RESOLUTION OF
<u>RELATED ACTION AND TO SET STATUS CONFERENCE</u>**

Petitioner, Regis Paillardon ("Paillardon"), respectfully submits this reply memorandum

in support of his motion to reopen and set status conference ("Motion") (DE 24) and to reply to

the opposition (DE 25) submitted by Respondents Archer-Daniels-Midland Co. and ADM Latin

America, Inc. ("ADM").

**ARGUMENT**

In its opposition to the Motion (DE 25, "ADM Opp."), ADM states that it does not

oppose Paillardon's request for a status conference (ADM Opp. at 3).

At the same time, and inconsistently, ADM argues that this case should not be reopened,

notwithstanding that a final decision has been rendered by the United States District Court for

the Central District of Illinois (McCuskey, J.) in the vacatur action for which this confirmation

matter was stayed, because ADM's times to move to amend the judgment rendered by Judge

McCuskey, or to appeal that judgment, have not yet run.  (ADM Opp. at 2.)  That argument is

specious.

This Court's Order of October 12, 2012 (DE 20, the "Oct. 12 Order"), ordered that this case be stayed and administratively closed pending resolution of ADM's motion to vacate before Judge McCuskey.  The Order further provided that:

> It is Petitioner's responsibility to file a motion to reopen this case or to dismiss this case **within 10 days of the issuance of a final decision from the United States District Court for the Central District of Illinois**.  (Emphasis added.)

There is no question that a "final decision from the United States District Court for the Central District of Illinois" has been issued.  Judge McCuskey's written opinion denying ADM's motion to vacate was issued on May 3, 2013; and, on May 10, 2013, final judgment was entered by Judge McCuskey and the Illinois action was closed by him.  (DEs 24, 25; Exs. A, B, respectively.)  Thus, under the plain terms of the Oct. 12 Order, Paillardon was required, within the 10-day period set out in the Oct. 12 Order, to either move to re-open this case or to dismiss it. Since, following final judgment in the Central District of Illinois, ADM has refused to pay what it owes despite Judge McCuskey's clear rulings, Paillardon chose the former.

ADM's arguments about its time to move under Rule 59(e) or appeal to the Seventh Circuit from the Illinois Federal District Court judgment  are wholly irrelevant to the Oct. 12 Order.  ADM's time to move under Rule 59(e) in fact expired on June 7, 2010, and **no** Rule 59(e) motion was made.  While ADM filed a notice of appeal on June 3, 2010 (see DE 26),[1] that only further demonstrates that Judge McCuskey's decision is indeed **final**--since an appeal (other than an interlocutory appeal, which is not present here) can only be taken from a final judgment.

---

[1] ADM's notice of appeal was filed two business days after its May 30 Opposition.  Since ADM had Judge McCuskey's decision to review and analyze for almost a month at the time its Opposition was filed, it presumably knew whether it was going to move under Rule 59(e) or file a notice of appeal at the time its Opposition was filed.  It accordingly is unclear why, in its Opposition, ADM did not straightforwardly advise the Court as to what it intended to do but instead went through the charade of asserting only abstract possibilities.

CASE NO.  1:12-CV-22693-MARTINEZ

Thus, it is incontrovertible that a final decision on ADM's motion to vacate has been issued by

the United States Court for the Central District of Illinois.  That being the case, the condition for

reopening this case has been met and Paillardon's motion should be granted.

While the foregoing is dispositive, Paillardon notes that, even apart from the terms of the

Oct. 12 Order, the grounds asserted by ADM would not support continuance of the stay.

In this Circuit, in order for a District Court to stay proceedings when a motion to confirm

or vacate an arbitral award has been issued and is on appeal, the party seeking the stay must, at

minimum, show that it has a likelihood of success in reversing the motion in question.  Mulhall

v. UNITE HERE Local 355, 618 F.3d 1279, 1293 (11th Cir. 2010) (while pendency of appeal of

decision on an award could "theoretically" be grounds for a stay, "the district court would first

have to assess the appellant's likelihood of success on appeal").[2]

ADM has not even attempted to show that it has a likelihood of success on an appeal—

for obvious reasons, since no such showing is possible.

The Seventh Circuit has emphasized that "it is difficult to overturn an arbitral award."

Johnson Controls, Inc., v. Edman Controls, Inc., 712 F.3d 1021, 1025 (7th Cir. 2013).  Thus,

"thinly veiled attempts to obtain appellate review of an arbitrator's decision" will not be

permitted, and an arbitral award cannot be overturned even if the arbitrator "'committed serious

error'" or the decision is "'incorrect or even whacky.'"  Id.; Flexible Mfg. Sys. Pty. Ltd. v. Super

---

[2] Bacardi Int'l. v. Suarez & Co., 2013 WL 1919578, No. 12–1032, at *9-*12 (1st Cir. May 8, 2013), cited in ADM Opp. at 2, did not apply and does not represent the law of this circuit.  In addition, the Court in Bacardi made great emphasis on the facts that, there, (a) the proceeding in which the appeal was pending was a state court proceeding, thus involving issues of federal/state comity, (b) one involved party was present in the state litigation but absent from the federal litigation, which made a stay desirable to avoid piecemeal litigation and (c) the party seeking confirmation had filed the federal action to confirm one month **after** the state court petition to vacate had been filed, which strongly suggested that the action to confirm was the product of forum-shopping.  Id. at *1, *10-*11.  None of those factors is present here.

3

CASE NO.  1:12-CV-22693-MARTINEZ

Prods. Corp., 86 F.3d 96, 100 (7th Cir. 1996); Local 15, Int'l. Bhd. of Elec. Workers v. Exelon

Corp., 495 F.3d 779, 782-83 (7th Cir. 2007).  On the contrary, an arbitral award must be upheld

so long as "'an arbitrator is even *arguably* construing or applying the contract and acting within

the scope of this authority.'"  Johnson, 712 F.3d at 1025 (citation omitted).  There thus is a "long

line of Seventh Circuit cases that have discouraged parties from challenging arbitration awards

and have upheld Rule 11 sanctions in cases where the challenge to the award was substantially

without merit."  Cuna Mut. Ins. Soc. v. Office & Prof. Emps. Int'l. Union, Local 39, 443 F.3d

556, 560-61 (7th Cir. 2006).

It is manifestly apparent, from even brief review of Judge McCuskey's written opinion,

that no colorable grounds for an appeal of his denial of ADM's motion to vacate exist here.

* * *

The parties' agreement that this action should be stayed and administratively closed

pending a final decision by the District Court for the Central District of Illinois was premised on

their shared recognition that a decision, either way, by that Court, equally would dispose of the

confirmation petition here.  Indeed, ADM in its Opposition agrees that the issues it might seek to

assert in resisting the petition to confirm are the same as those already decided by Judge

McCuskey.

The law is clear that collateral estoppel and res judicata apply notwithstanding the

pendency of an appeal.[3]  ADM's potential defenses to confirmation of the Award have been

---

[3] See, e.g., Jaffree v. Wallace, 837 F.2d 1461 (11th Cir. 1988); F.T.C. v. Slimamerica, No. 97-cv-06-72, 2011 WL 882109, at *3 (S.D. Fla. March 9, 2011) ("The conclusive effect of a prior judgment is not suspended by the pendency of an appeal."); see also Porta Stor, Inc. v. PODS, Inc., No. 8:07-cv-1291-T-23TBM, 2008 WL 785358, at n.39 (M.D. Fla. March 21, 2008) ("petition for certiorari did not limit the preclusive effect of the Federal Circuit's decision"); S.E.C. v. Curshen, No. 1:11-cv-20561, 2012 WL 1981878, at *2 (S.D. Fla. June 1, 2012) ("conclusive effect of a criminal conviction is not suspended by an appeal"); Williams v. C.I.R.,

rejected by the Central District of Illinois, and that rejection is binding here.  Accordingly, Paillardon proposes that, once this case is reopened, it proceed as follows:

> (a)  In light of the decision by Judge McCuskey, ADM has no legal grounds for resisting confirmation, and ADM should either stipulate to confirmation or confirmation should be summarily granted; and

> (b)  Following a final judgment of confirmation, enforcement of such judgment entered by this Court can be stayed, pending outcome of ADM's Seventh Circuit appeal, so long as ADM posts an appropriate bond.

The procedure suggested immediately above is fair to both parties.  It avoids the prejudice that Paillardon will suffer if he is compelled to wait until the Seventh Circuit appeal has been decided before confirmation proceedings can begin.  It also protects ADM's asserted interests in that, so long as it posts a bond, ADM will not have to actually make payment on the Award until the Seventh Circuit appeal is over and, in the theoretical -- but in practical terms extremely unlikely --event that ADM is successful in the appeal, it could move to have the judgment of confirmation vacated.  Otherwise, ADM essentially is seeking a stay of Paillardon's enforcement of the Award –  which a U.S. District Court, by denying the motion to vacate, has agreed should be confirmed -- without posting any bond to protect Paillardon's rights, including to cover the interest that will accrue while ADM appeals the final judgment in Illinois.

## CONCLUSION

ADM's motion to vacate in the Central District of Illinois has been finally decided by Judge McCuskey.  Since ADM has still refused to pay the amounts owed under the Award and the conditions for re-opening of this case, under the Oct. 12 Order, have been met; this case

---

1 F.3d 502, 504 (7th Cir. 1993) ("What is sure is that a judgment final in the trial court may have collateral estoppel effect even though the loser has not exhausted his appellate remedies").

CASE NO.  1:12-CV-22693-MARTINEZ

should be re-opened; ADM's stalling tactics should be rejected; a date for a status conference

should be set; and, the case should proceed as outlined above.


Dated:  June 10, 2013                              Respectfully submitted,

                                                    _/s/ Edward M. Mullins_____
                                                    Edward M. Mullins (Fla. Bar No. 863920)
                                                    emullins@astidavis.com
                                                    Jenelle E. La Chuisa (Fla. Bar No. 539988)
                                                    lachuisa@astidavis.com
                                                    ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
                                                    701 Brickell Avenue, 16th Floor
                                                    Miami, Florida  33131
                                                    Telephone: (305) 372-8282
                                                    Facsimile:  (305) 372-8202

                                                    -and-

                                                    Anthony B. Ullman*
                                                    aullman@salans.com
                                                    John J. Hay*
                                                    jhay@salans.com
                                                    Ulyana Bardyn*
                                                    ubardyn@salans.com
                                                    SALANS LLP
                                                    Rockefeller Center
                                                    620 Fifth Avenue
                                                    New York, New York  10020
                                                    Telephone: (212) 632-8342
                                                    Facsimile:  (212) 307-3392
                                                    *Admitted Pro Hac Vice

                                                    Counsel for Petitioner Regis Paillardon

CASE NO.  1:12-CV-22693-MARTINEZ

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or; in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Edward M. Mullins
Edward M. Mullins (Fla. Bar No. 863920)

## SERVICE LIST
*Paillardon v. Archer-Daniels-Midland Company and ADM Latin America, Inc.*
Case No.:  1:12-CV-22693-MARTINEZ
United States District Court, Southern District of Florida

Alvin F. Lindsay
alvin.lindsay@hoganlovells.com
Hogan Lovells US LLP
200 South Biscayne Boulevard, Suite 400
Miami, Florida  33131
Telephone:  (305) 459-6633
Facsimile:  (305) 459-6550

*Counsel for Respondents*
Electronically served via CM/ECF